(C.D. 3259)

THE AKRON v. UNITED STATES

United States Customs Court, Second Division

(Decided January 23, 1968)

*Stein & Shostak* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the protests listed in the schedule of cases, attached to this decision and made a part hereof, consists of cast-iron garden furniture which was assessed with duty at the rate of 19 per centum ad valorem pursuant to the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for articles, not specially provided for, wholly or in chief value of base metal.

It is claimed in said protests that said merchandise is more specifically provided for in paragraph 339 of said act, as modified by said sixth protocol, as other household utensils, not specially provided for, in chief value of metal, dutiable at the rate of 17 per centum ad valorem.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto to the effect that the merchandise, assessed as above and represented by the invoice items marked "A" and initialed MJA, by Commodity Specialist Morris J. Asami, consists of cast-iron garden furniture in chief value of metal, chiefly used around the household for utilitarian purposes, and in these respects similar to the merchandise the subject of decision in the case of *United States* v. *Lipman's*, 52 CCPA 59, C.A.D. 859, which was held to be household utensils within the purview of said paragraph 339, as modified, *supra.*

The record in said case has been incorporated into the instant record.

The cited case involved an importation of hose nozzles which were held to be provided for in paragraph 339 of the Tariff Act of 1930, as modified by prevailing trade agreement, as household utensils. In so concluding, the court reasoned that the term "household" as used in that provision was not restricted to the interior of a dwelling, but included areas immediately adjacent thereto, wherein a hose nozzle,

attached to a hose, might be employed in watering lawns, garages, basements, stoops, and other similar portions of one family homes. The court did not discuss, nor was it concerned with, the question of whether or not hose nozzles should be considered to be utensils, since that issue was not raised by the appealing party.

It was, however, a matter of primary concern to this court in its initial disposition of the case (*Lipman's* v. *United States*, 52 Cust. Ct. 98, C.D. 2444), since directly placed in issue, by arguments of counsel. We there reviewed several definitions of the words "utensil", "instrument", and "implement", first quoted in *Frank P. Dow Co., Inc.* v. *United States*, 21 CCPA 282, T.D. 46816, as follows:

*Utensil, n.* An instrument or vessel, esp. one used in a kitchen or dairy. (Webster's New International Dictionary.)

*Utensil, n.* Something that is used; a thing serving a useful purpose; formerly, a thing of varied use; as, *utensils* of war or observation; now, more especially, an implement or vessel for domestic or farming use; as kitchen *utensils.* (Funk & Wagnalls' New Standard Dictionary.)

*Utensil, n.* An instrument or implement: as, *utensils* of war; now, more especially, an instrument or vessel in common use in a kitchen, dairy, or the like, as distinguished from agricultural *implements* and mechanical *tools.* (Century Dictionary & Cyclopedia.)

\* \* \* \* \* \* \*

*Instrument, n.* 2. A material thing or mechanical device for performing work or producing an effect; tool; utensil; implement; as, a mechanic's *instruments;* astronomical *instruments.* (Webster's New International Dictionary.)

*Implement, n.* 1. That which fulfills or supplies a want or use; esp., an instrument, tool, or utensil used by man to accomplish a given work; as, the *implements* of trade, of husbandry, or of war. (Webster's New International Dictionary.)

*Instrument, n.* 1. A means by which work is done; an implement or tool, especially an implement or mechanism for scientific or professional purposes, as distinguished from a device, tool, or machine for industrial use; figuratively, any means of accomplishment; as, the hands are *instruments* of the will.

*Implement, n.* 1. An instrument used in work, especially manual work; a tool or a utensil; as the *implements* of husbandry; the *implements* of warfare. (Funk & Wagnalls' New Standard Dictionary.)

In view thereof, and upon the authority of *Davies, Turner & Company* v. *United States*, 47 CCPA 129, C.A.D. 744, this court concluded that hose nozzles, albeit having no useful function until attached to hoses, were properly characterized as "utensils".

Nothwithstanding the stipulation of the parties in the instant case, that the cast-iron garden furniture here involved "is chiefly used

around the household for utilitarian purposes" and to that extent is similar to the merchandise in the *Lipman's* case, we are not convinced that the rule of decision there applied is revelant here.

It must be remembered that the provision in issue is one for household *utensils*, and it does not suffice to say that an article is chiefly used around the household for utilitarian purposes. If it is not also a "utensil" it is not embraced by the language of the provision.

An examination of the definitions hereinabove quoted invites the conclusion that a utensil is an article which possesses the attributes of an implement or a tool, designed to accomplish a given objective. It is distinct from, and subserves a different purpose than, a piece of furniture which ordinarily brings to mind an article of equipment which is something other than an instrument. The difference between these two classes of merchandise was brought out in the case of *Bullocks, Inc.* v. *United States*, 69 Treas. Dec. 367, T.D. 48175, wherein it was held that a steel stool was not a household utensil. It was the opinion of the court that an article of furniture composed of "rattan, reed, bamboo, osier or willow, malacca, grass, seagrass or fiber of any kind," or of wood, would be provided for in paragraph 409 or paragraph 412 of the Tariff Act of 1930, respectively, as furniture of the respective component and that merely because an article was made of metal rather than of any of the materials specified, *supra*, would not cause it to lose its identity as furniture.

In the recent case of *Schick X-Ray Co., Inc.* v. *United States*, 59 Cust. Ct. 108, C.D. 3088, we had occasion to observe that an adjustable chair-table used to support a patient during the taking of X-rays was not a hospital utensil for the reason that it was more in the nature of furniture, which Congress could not have intended to include within the meaning of the word "utensil".

The controverted merchandise here involved consists of garden furniture, including table tops, settees, chairs without arms, and table bases. It is metal furniture, and it taxes the imagination unduly to label it "utensils". Common parlance draws a distinction between these two categories of articles which we do not believe Congress wished to repudiate.

In view of the foregoing considerations, we find the stipulated fact that the garden furniture in issue is chiefly used around the household for utilitarian purposes, within the concept of the *Lipman's* case, *supra*, to be legally insufficient to establish the proposition that it is provided for in the statute as household utensils. All claims in the protest to that effect are, therefore, overruled.

Judgment will be entered accordingly.